IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Graphics and Communications Workers Union/International Brotherhood of Teamsters, Local 128-N, | Case No. 1:15-cv-471 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | Order Confirming Arbitration Award |
| Gannett Satellite Information Network, Inc., *d/b/a* Cincinnati Enquirer | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Confirm Arbitration Award by Summary Judgment (Doc. 1). On July 21, 2014, Arbitrator David W. Stanton, Esq. issued a written Arbitration Award in American Arbitration Association Case No. 52 300 00241 13. (Doc. 1-1 at PageID 12–85.) Plaintiff Graphics and Communications Workers Union/ International Brotherhood of Teamsters, Local 128-N ("the Union") seeks the Court to confirm the Arbitration Award pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Ohio Revised Code § 2711.09. An arbitration confirmation proceeding is a "summary proceeding where the Court merely converts an arbitration award into a final judgment." *Ohio Council 8, Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO v. Trumbull Mem'l Hosp.*, 124 F. Supp. 2d 482, 485 (N.D. Ohio 2000); *see also Federated Rural Elec. Ins. Exchange v. Nationwide Mut. Ins. Co.*, 134 F. Supp. 2d 923, 932 (S.D. Ohio 2001) (stating that a confirmed arbitration award is a court judgment). The Court does not adjudicate the parties' dispute when confirming an arbitration award, "but only gives legal effect to the resolution the parties bargained for by agreeing to arbitrate the matter." *Ohio Council 8*, 124 F. Supp. 2d at 485.

1

Defendant Gannett Satellite Information Network, Inc., *d/b/a* Cincinnati Enquirer ("Gannett") does not dispute the Court's authority to confirm the Arbitration Award. Gannett does not assert that Arbitrator Stanton acted outside his authority or issued an award that failed to derive its essence from the collective bargaining agreement. Gannett merely makes two points to the Court: (1) it has complied with the Arbitration Award and (2) Arbitrator Stanton in the Arbitration Award expressly retained jurisdiction over the matter "until such time these remedial claims have been satisfied and [joint] notice thereof has been provided to the Arbitrator." (Doc. 1-1 at PageID 83, 85.) Relevant to the second point, the Union's attorney provided written notice to Arbitrator Stanton on August 27, 2015 that the claims had been satisfied. (Doc. 9-1 at PageID 112–15.) It is not clear from the record whether Gannett has confirmed the satisfaction of claims.

The Motion to Confirm Arbitration Award by Summary Judgment (Doc. 1) is hereby **GRANTED**. It is **ORDERED** that the Arbitration Award dated July 21, 2014 by Arbitrator Stanton in AAA Case No. 52 300 00241 13 is **CONFIRMED** according to its terms.

IT IS SO ORDERED.

_____
Judge Susan J. Dlott
United States District Court

2